MARGARET LOOFF and others, Appellants, v. CYRUS LAWTON, Respondent.

*Deceit by an attorney — what constitutes — 2 R. S., 287, section 68.*

To authorize an action under 2 Revised Statutes, 287, section 68, giving an action against an attorney, counsellor or solicitor, for any deceit, with intent to deceive the court, or a party, it is not necessary that the acts of the attorney should be such as to constitute a common-law or statutory cheat.

An attorney who knowingly misleads the court, or a party, is guilty of a criminal deceit under the statute.

An attorney who advises ignorant adult owners of land that they are not competent to convey it, and thereby induces them to employ him to institute a suit in partition, and incur the expenses thereof, for the purpose of affecting a sale of the lands, misleads and deceives them within the meaning of the statute.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought by the appellants against the respondent to recover the costs and charges of a suit in partition, brought by the advice of the respondent, by one of the appellants against the others.

Upon the trial, a motion was made, upon the part of the defendant and respondent, to dismiss the complaint on the opening, on the ground that the complaint did not state a sufficient cause of action. The point relied on in support of the motion was, that the action was one of deceit under the Revised Statutes, vol. 3, sec. 56, p. 449 [6th ed.], and that no misrepresentation of fact was alleged.

The complaint alleged that the appellants, who were adult owners of real estate, being desirous of selling the same and dividing the proceeds, applied to the defendant, an attorney-at-law, for advice as to the best mode of accomplishing this object.

"That thereupon the said defendant, as such attorney and counsellor-at-law, and under said retainer and employment, advised and counselled the plaintiffs that they were not competent

to convey said property by deed, and that they could not give a good title therefor, and that the best, shortest, and cheapest manner in which to accomplish their said intent, wish and purpose, was to institute a suit in partition, and sell the property under a decree to be obtained therein.

"That said advice and counsel was so given, willfully, corruptly and fraudulently, with intent to deceive and defraud these plaintiffs, and to induce them to institute and maintain a useless and expensive suit, with full knowledge on his part; that if accepted, believed and followed, the plaintiffs would be subjected to great and unnecessary expense to his, the defendant's, great benefit, profit and advantage."

That in reliance upon his advice, a partition suit was commenced and the property sold, in pursuance of a judgment rendered therein, and that they were obliged to pay, as costs and fees in said suit, the sum of $1,345.70, which amount they sought to recover in this action.

*E. B. Barnum*, for the appellants.

*D. P. Barnard*, for the respondent.

GILBERT, J.:

We think the court erred in granting a nonsuit. The statute on which the action is brought (2 R. S., 287, § 68), gives an action against an attorney, counsellor or solicitor for any deceit, with intent to deceive the court, or a party, and makes such conduct a misdemeanor, punishable by fine or imprisonment, or both. The acts or omissions which shall constitute deceit are not defined. There seems to be no good reason for confining the term to common law or statutory cheats. On the contrary, there is every reason to suppose that the Legislature intended otherwise.

The common law, as well as the statute, relating to the offense of obtaining property by false pretenses, were adequate to the punishment of all such offenses, whether committed by lawyers or laymen. Moreover, such an offense being punishable by imprisonment in a State prison, comes under the statutory definition of a felony. At common law, also, fraud and damage gave a civil

action to the party injured. There was no occasion, therefore, for another statute to punish, or to give an action for the "*deceit*" of lawyers, unless the Legislature intended that that class of persons should be liable for acts which would be insufficient to establish a crime or a cause of action against citizens generally. The statute is limited to a peculiar class of citizens, from whom the law exacts a reasonable degree of skill, and the utmost good faith in the conduct and management of the business intrusted to them. An attorney or counsellor who advises ignorant adult owners of land that they are not competent to convey it, and thereby induces them to employ him to institute a suit in partition, and incur the expense thereof, for the purpose of effecting a sale of the lands, gives them erroneous advice, and thereby misleads them to their injury, and if he is qualified to perform the functions of an attorney, he does it knowingly. To mislead the court or a party is to deceive it; and, if knowingly done, constitutes criminal deceit under the statute cited. (*Verplanck* v. *Van Buren*, 11 Hun, 328, and cases cited.)

If a jury should find that the conduct imputed to the defendant was deceit, I apprehend their verdict would not be disturbed. When the attorney or counsellor makes a profit by means of such deceit, it is not unreasonable to conclude that the advice was given with that motive and for that object. That makes out the guilty intent. In every point of view, the case seems to us to be one which should have been submitted to the jury.

The judgment and order denying a new trial must be reversed, and a new trial granted, with costs to abide the event.

Present — BARNARD, P.J., GILBERT and DYKMAN, JJ.

Judgment reversed and new trial granted, costs to abide event.